UNITED STATES DISTRICT COURT EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CASE NO: 1:17cr222 |
| ) | Hon. Liam O'Grady |
| MATTHEW KEKOA LUMHO ) | |
| ) | |
| Defendants ) | |

### MATTHEW KEKOA LUMHO'S MOTION FOR A MISTRIAL OR, IN THE ALTERNATIVE, A CURRATIVE INSRUCTION TO THE JURY

COMES NOW MATTHEW KEKOA LUMHO, Defendant in the above styled case, by and through Counsel, and hereby submits this renewed Motion for Relief.

A. INTRODUCTION

During its rebuttal, after Defense Counsel had concluded their arguments and were unable to correct the record, the government accused Defense Counsel of having engaged in yet another "misrepresentation of the facts" (or some such similarly accusatory language) based on Counsel's argument that Mr. Lumho was not accepting bribes from Mr. Wilson because the evidence showed that Mr. Lumho had actively voted against Mr. Wilson in his bid for a government contract valued at $31M. Mr. Lumho's decision regarding Mr. Wilson, and the timing of it, are critical to Mr. Lumho's defense, given that Mr. Wilson's company began paying Fidel Ramos, Mr. Lumho's father in law, a month earlier in what the government alleges was an attempt to conceal a bribe to Mr. Lumho in exchange for favorable treatment for Mr. Wilson.

In support of its accusation that Defense Counsel had committed a fraud upon the court, the government directed the jury to Defense Exhibit 11, the draft memo Mr. Willie Spivey

prepared reflecting the actions taken by those on the review board, including Mr. Lumho.  This memo accurately reflected what Defense Counsel told the jury:  Mr. Lumho had voted against Mr. Wilson at exactly the same the government alleges Mr. Lumho was accepting bribes from Mr. Wilson in exchange for favorable treatment

As Mr. Spivey testified, he then used that memo as the basis for his official report to GSA recommending that the contract be awarded to a company other than Mr. Wilson's.  This is Defense Exhibit 12.

These two exhibits, therefore, are inexorably linked and tell the complete story to the jury of how it came to be that Mr. Wilson lost out on a $31M contract, at least in part because of Mr. Lumho.

During its rebuttal argument, the government directed the jury only to Defense Exhibit 11, arguing that Defense Counsel had actively misrepresented the facts of the case to the jury because Defense Exhibit 11 makes no reference to Mr. Wilson or his company MSO. The import of the government's argument, therefore, was that Defense Counsel were not to be trusted because Defense Counsel had lied to the jury about Mr. Lumho's knowledge of Mr. Wilson's involvement in that contract solicitation.

The government knows full well that the entire technical review board- Mr. Lumho included- was aware of Mr. Wilson's attempt to secure that contract.  Mr. Spivey's final memo

to GSA, reflecting what occurred during that review board meeting, mentions Mr. Wilson's company MSO multiple times, making clear Mr. Wilson's part in that contract bid.  The government asked Mr. Spivey on redirect if he knew Mr. Wilson's percentage stake in thae contract bid he was denied and later argued that Mr. Lumho should not have even participated in the review because of Mr. Wilson's involvement.

The takeaway from all this is that the government of course knows the actual truth of what happened:  Mr. Lumho, with full knowledge of Mr. Wilson's participation and involvement, voted against Mr. Wilson.  This, standing alone, is enough for the jury to find reasonable doubt.

Because the government accused Defense Counsel of actively lying to the jury while giving its rebuttal argument, Defense Counsel were not able to correct the government's misleading reference to only one of the two exhibits which describe the totality of the events described above.  This was not a factual mistake made in closing or an incorrect reference to jury instructions.  This was not an attempt to explain the meaning and significance of the evidence in the record.  This was an attempt to confuse and mislead the jury about what the evidence actually was on the central aspect of Mr. Lumho's defense and to do so while simultaneously accusing Defense Counsel of having lied to the jury about that defense.  And it was done at a time when Defense Counsel could not address the misrepresentation with the jury.

This combination of events, viewed either together or standing alone, was nothing short of a violation of Mr. Lumho's constitutional Due Process Right to a Fair Trial.

B. <u>THE COURT SHOULD GRANT MR. LUMHO'S MOTION FOR MISTRIAL</u>

Because the government has both challenged Defense Counsel's veracity while effectively misleading the jury on the state of the actual evidence supporting Mr. Lumho's central defense to the charges in the indictment, the Court must grant Mr. Lumho a mistrial. The jury has not been mislead about the meaning and significance of the evidence in the record; the jury has been mislead about what the evidence actually is. And the government did that while simultaneously arguing that Defense Counsel hasd lied to the jury about a fact the government knows to be true.

These are errors that cannot effectively be undone in any way that will guarantee Mr. Lumho's constitutional Due Process Right to a Fair Trial. As such, the Court must declare a mistrial. See United States v. Azubike, 504 F.3d 30 (1st Cir. 2007) (reversing conviction based on prosecutor's misstatements during rebuttal argument.) ("We have recognized prejudicial statements made during closing argument 'militate in favor of reversal' because they are 'the last words spoken to the jury by the trial attorneys"). See Exhibit 1.

C. IN THE ALTERNATIVE, THE COURT MUST SPECIFICALLY CORRECT THE ERROR BY INSTRUCTION THE JURY THAT DEFENSE COUNSEL DID NOT MISRPRESENT THE EVIDENCE AND BY DIRECTING THE JURY TO DEFENSE EX 12.

If the Court denies Mr. Lumho's Motion for a Mistrial, Mr. Lumho asks the Court to recall the jury and direct them as follows:

Last night in its rebuttal argument, the government accused Defense Counsel of misrepresenting the evidence regarding Mr. Lumho's knowledge and awareness of Mr. Wilson's involvement in a contract bid worth approximately $31M. In support of its accusation against Defense Counsel, the government directed your attention to Defense Exhibit 11, the memo

prepared by Mr. Willie Spivey from the Office of the Inspector General detailing Mr. Wilson's attempt to secure a government contract worth in excess of $31M.  The government pointed out that, because neither Mr. Wilson nor his company MSO are mentioned by name in this report, Defense Counsel had mislead you about what actually occurred during the contract review process.

This is not accurate. Defense Counsel did not misrepresent these facts to you. The Court is therefore directing your attention to Defense Exhibit 12, Mr. Spivey's formal report, for your consideration along with Defense Exhibit 11 as it shows that Mr. Lumho aware at the time he cast his vote in favor of a competing company that Mr. Wilson's company MSO was actively seeking the contract award.

Respectfully Submitted,

MATTHEW KEKOA LUMHO
By Counsel

_____/s/_____
CHRISTOPHER AMOLSCH
VSB #43800
12005 Sunrise Valley Drive
Suite 200
Reston, Virginia 20191
703.969.2214 (Phone)
703.774.1201 (Fax)
chrisamolsch@yahoo.com (email)
Counsel for Mr. Lumho

CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of June 2021 I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

                          _____/s/_____
CHRISTOPHER AMOLSCH
VSB #43800
12005 Sunrise Valley Drive
Suite 200
Reston, Virginia 20191
703.969.2214 (Phone)
703.774.1201 (Fax)
chrisamolsch@yahoo.com (email)
Counsel for Mr. Lumho