UNITED STATES DISTRICT COURT EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CASE NO: 1:17cr222 |
| ) | Hon. Liam O'Grady |
| MATTHEW KEKOA LUMHO ) | |
| ) | |
| Defendants ) | |

## DEFENSE POSITION ON SENTENCING

COMES NOW MATTHEW KEKOA LUMHO, Defendant in the above styled case, by and through Counsel, and hereby presents this Court with his position on sentencing.

On June 24, 2021, a jury found Mr. Lumho guilty of Wire Fraud and other crimes associated with his employment at DOD-OIG, crimes with occurred during a brief 7-8 month period approximately 10 years ago and for which he received approximately $18,500 from Bill Wilson in exchange for directing contracts to Wilson's company MSO, to wit:

- A $3500 camera and lens

- A $350 Bose sound dock

- And about $14,600 he received through his father-in-law Fidel Ramos.

By way contrast, Ron Capalia and his then wife Natalie received approximately $1,000,000 via cash, trips, vacations and automobiles.

According to the government, Ron and Natalie caused roughly $8,000,000 in "damages" to the government, while Kekoa caused roughly $1,500,000.

Though Natalie Capalia actively collaborated with her husband in their criminal enterprise, realized 50 times the value and benefits Kekoa received, and caused roughly 6 times

the "damage" to the government, the government nevertheless saw fit to give her complete immunity from prosecution.

Your Honor subsequently sentenced Ron Capalia to 12 months and 1 day in prison.

According to his Amended Presentence Report, Mr. Lumho's Offense Level is 38, his Criminal History Category is I, and his advisory guideline range is 235-293 months.

For Kekoa, a man with no criminal record and history of good works who purportedly received a fraction of the benefit and caused a fraction of the purported "damage", the government is recommending a guideline sentence of roughly 20 years. There are simply no words to adequately describe the absurdity of that recommendation.

Mr. Lumho has no specific objections to the guideline calculations and the resulting advisory guideline range, except that the advisory guideline range bears no rationale relationship to the crimes for which he was convicted, grossly distorts his individual level of culpability and therefore should be given only whatever bare minimum of consideration the law requires.

For reasons that will be set forth below and at his sentencing hearing, Mr. Lumho submits that a sentence of probation, but certainly no more than the 12 months and 1 day sentence Mr. Capalia received, would be more than sufficient to accomplish the goals of 18 U.S.C. § 3553(a).

I. FACTUAL BACKGROUND

The jury's verdict reflects a finding that approximately 10 years ago, for a period of 7-8 months, Mr. Lumho received approximately $18,500 from Bill Wilson in exchange for directing contracts to Wilson's company MSO. Your Honor is well aware of the evidence presented during the trial so it will not be distilled or repeated here.

Other than this brief period in 2012, it is beyond dispute that Kekoa has been a model citizen, giving back his community as a matter of course, and doing his part (more than his part) to make the world a better, more equitable and more forgiving place. Below is a list of just some of his charitable good works from 2009 to the present:

### Pre-indictment[1]

| | |
|---|---|
| 2009 - 2011 | Various volunteer events at St. Thomas Moore Cathedral School |
| 2010 – Present | Volunteer Head Lacrosse coach at Braddock Road Lacrosse LLC |
| 2012 - 2013 | Volunteer Assistant Lacrosse coach at Robinson High School |
| 2013 - 2016 | Volunteer President of the Rondelay Civic Association Home Owners Association |
| 2014 - Present | Weekly greeter and usher at Burke Community Church |
| 2014 - Present | Vacation Bible School youth leader at Burke Community Church |
| 2014 - Present | Men's Ministry Volunteer at Burke Community Church assisting in various leadership roles |
| 2014 - 2015 | Various volunteer events at Fairfax Baptist Temple Academy |
| 2014 - 2017 | Fairfax Station Life Group member at Burke Community Church |
| 2014 – Present | Volunteer Dive Team Judge at Orange Hunt Dive Team |
| 2014 - Present | Various volunteer events and positions at Orange Hunt Swim Club |

---

[1] For context, please see the Govt's sentencing memo at 30.

| | |
|---|---|
| 2014 - Present | Volunteer with 25th Project feeding local homeless, various events held monthly on the 25th of each month |
| 2014 - Present | Volunteer Youth mentor at Jeremiah Farms and Burke Community Church |
| 2015 - Present | Volunteer various work with 25:40 Ministry in Canzibe South Africa, headquartered in VA |
| 2015 - Present | Volunteer Den host for Scout Troop 688 Den 5 |
| 2015 - Present | Volunteer for the Lamb Center Homeless shelter |
| 2015 - Present | Volunteer for the Lorton Community Action Center |
| 2016 - Present | Various volunteer events at Immanuel Christian School |

**Post indictment**

| | |
|---|---|
| 2017 - Present | Volunteer Lunch Monitor at Immanuel Christian School |
| 2017 - Present | Fairfax Station Life Group Leader at Burke Community Church (lead 6 families weekly in bible studies at my house) |
| 2017 - Present | Volunteer Lacrosse Coach at Madlax summer lacrosse camps |
| 2017 - Present | Volunteer Shoot Out for Soldiers, 24 hour lacrosse tournament raising money for wounded warriors and suicide awareness |
| 2017 – Present | Volunteer Lunch Monitor at Immanuel Christian School |
| 2017 - Present | Fairfax Station Life Group Leader at Burke Community Church (lead 6 families weekly in bible studies at my house) |
| 2018 - 2019 | Advisory Board Member of Coram Deo Ministry (Orphanage in |

| | |
|---|---|
| | the Eastern Cape South Africa) |
| 2018 - Present | Volunteer Lacrosse Coach at Hammerlax Summer camps |
| 2019 - 2021 | Volunteer as Project Lead/Director on the Burke Community Church Care Center development |
| 2018 - 2020 | Volunteer Lacrosse coach at Immanuel Christian School |
| 2018 - Present | Volunteer in the restoration of Jeremiah Farms in Denton MD |
| 2019 - Present | Volunteer project lead with *"Sleep in Heavenly Peace"* providing beds to children under 12 in Northern Virginia (no child should sleep on the floor) |
| 2019 - Present | Volunteer Head Lacrosse coach at Top Caliber Lacrosse Club |

Your Honor is also asked to read and appreciate the 26 letters written to the Court on Kekoa's behalf. These letters come from parents, teachers, decorated military officers, military school graduates, church members, former colleagues at the DOD-OIG, prosecutors and judges, his pastors, his extended family, and his life-long friends. They all describe him as caring, nurturing, and trustworthy, and as a man of faith and integrity. They all describe a man with whom they want to share a future and want to share a community.

Finally, Kekoa is also a doting father who actively participates in the lives of his of children, most notably Little Kekoa, his 10 year old son who suffers from severe ADHD and who seems only to thrive at home and in the classroom while under the caring touch of his father.

II.     LEGAL BACKGROUND

Since *United States v. Booker*, 543 U.S. 220 (2005), the federal sentencing guidelines are not mandatory and are merely one factor the Court may consider in imposing sentence. In fact, the Court "may not presume that the Guidelines range is reasonable" nor that the appropriate sentence will come from the guideline range[2]. Accordingly, Courts do not need to point to extraordinary circumstances to justify a sentence outside of the guidelines and may provide a sentence outside of any advisory guideline if it feels the case warrants a different sentence[3].

Imposition of a sentence is not, after all, merely a mathematical exercise- it is a matter of judgment[4].

Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: "the court, in determining whether to impose a term of imprisonment, and if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation."[5]

18 U.S.C. § 3553 (a) further provides that, in determining the appropriate sentence, the court should consider a number of factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the sentencing range established" by the Guidelines, "any pertinent policy statement" issued by the Sentencing Commission

---

[2] *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 at 594, 596-97 (2007); *Nelson v. United States*, 555 U.S. 350 (2009); *United States v. Mendoza-Mendoza*, 597 F.3d 212 (4th Cir. 2010).

[3] *See Rita v. United States*, 551 U.S. 338 (2007)

[4] *See United States v. Biheiri*, 356 F.Supp.2d 589 (E.D.Va.2005.)

[5] 18 U.S.C. § 3582.

pursuant to its statutory authority, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Thus, while courts are to give respectful consideration to the Guidelines, district judges, in considering how the various statutory sentencing factors apply to an individual defendant and whether those factors support the sentence requested by a party, must consider each of these factors equally in imposing a punishment "not greater than necessary" to "lessen the likelihood of future crime" while providing the defendant with reasonable rehabilitative opportunities.

CONCLUSION

When all of this is taken into consideration, Mr. Lumho respectfully submits that a sentence of probation, but certainly no more than the 12 months and 1 day sentence Mr. Capalia received, would be more than sufficient to accomplish the goals of 18 U.S.C. § 3553(a).

There are certainly differences between Ron Capalia and Kekoa. On the one hand, Mr. Capalia pleaded guilty and testified for the government; on the other, the Capalias realized 50 times the value and benefits Kekoa received, caused roughly 6 times the "damage" Kekoa caused, and Mrs. Capalia received complete immunity from prosecution.

But for this brief period 10 years ago, Kekoa has lived a good and decent life, doing far more than his fair share to make the world a better place for those most in need. Kekoa is revered by those who know him best as man of exceptional honesty, integrity, caring and compassion. He is man the community will sorely miss if he is taken from them. He is man his family and young son will miss even more.

Respectfully Submitted,

MATTHEW KEKOA LUMHO
By Counsel

_____/s/_____
CHRISTOPHER AMOLSCH
VSB #43800
12005 Sunrise Valley Drive
Suite 200
Reston, Virginia 20191
703.969.2214 (Phone)
703.774.1201 (Fax)
chrisamolsch@yahoo.com (email)
Counsel for Mr. Lumho

CERTIFICATE OF SERVICE

I hereby certify that on the 12 day of January 2022 I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

_____/s/_____
CHRISTOPHER AMOLSCH
VSB #43800
12005 Sunrise Valley Drive
Suite 200
Reston, Virginia 20191
703.969.2214 (Phone)
703.774.1201 (Fax)
chrisamolsch@yahoo.com (email)
Counsel for Mr. Lumho