IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:17-CR-222-03 |
| | ) | |
| v. | ) | Judge Liam O'Grady |
| | ) | |
| MATTHEW KEKOA LUMHO, | ) | Sentencing: January 14, 2022 |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES FOR PRELIMINARY
ORDER OF FORFEITURE AS TO DEFENDANT LUMHO**

The United States, by and through undersigned counsel, and pursuant to Fed. R. Crim.

P. 32.2, hereby respectfully moves the Court to enter a preliminary order of forfeiture as to

defendant Matthew Kekoa Lumho for a money judgment in the amount of $41,159.33.  In

support of its motion, the government states as follows:

The evidence adduced at trial in this case demonstrated that LumHo conspired to and

participated in a scheme to defraud the United States through bribery, and that as a result of his

crimes, he obtained roughly $41,159.33 in illegal bribes.  GX 1402.  After hearing all of the

evidence, the jury convicted LumHo on all counts charged against him in the Superseding

Indictment, including conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, wire

fraud, in violation of 18 U.S.C. § 1343, and acceptance of bribes by a public official, in violation

of 18 U.S.C. § 201(b)(2)(A).  The government now seeks a preliminary order of forfeiture that

would disgorge LumHo of his ill-gotten gains.

Federal law authorizes the imposition of a forfeiture judgment when a defendant is

convicted of conspiracy to commit wire fraud, substantive wire fraud, or bribery.  Section

981(a)(1)(C) of Title 18 provides for the forfeiture of "[a]ny property, real or personal, which

1

constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting

'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to

commit such offense."  Section 1956(c)(7)(A) defines "specified unlawful activity" to include

"any act or activity constituting an offense listed in Section 1961(1) of this title except [for

certain Title 31 offenses]."  Section 1961(1) of Title 18 lists both bribery and wire fraud as

enumerated offenses. 18 U.S.C. § 1961(1)(B).  Moreover, 28 U.S.C. § 2461(c) provides that the

government may seek forfeiture in a criminal prosecution based on the foregoing statutes which

provide for civil forfeiture.  *See also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir.

2014).  Accordingly, forfeiture is mandatory for any property "which constitutes or is derived

from proceeds traceable to" conspiracy to commit wire fraud, wire fraud, or bribery.

Moreover, where substantive fraud offenses are charged as part of an ongoing scheme,

the defendant is liable in forfeiture for the full amount of the proceeds from the overall fraud

scheme, not just the individual charged executions of the scheme.  *See, e.g.*, *United States v. Cox*,

851 F.3d 113, 128-29 (1st Cir. 2017); *United States v. Lo*, 839 F.3d 777, 792-94 (9th Cir. 2016);

*United States v. Venturella*, 585 F.3d 1013, 1015 (7th Cir. 2009).

Forfeiture is a mandatory aspect of the sentence to be imposed in this case.  *Blackman,*

746 F.3d at 143 ("The word 'shall' does not convey discretion . . . .  The plain text of the statute

thus indicates that forfeiture is not a discretionary element of sentencing.").  Courts may not

deny forfeiture based on equitable considerations, or on a defendant's perceived or actual

inability to pay.  *Id*. at 143-44 ("[t]he fact that a defendant is indigent or otherwise lacks

adequate assets to satisfy a judgment does not operate to frustrate the entry of a forfeiture

order").

Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853 set forth the process for judicial criminal forfeiture.[1]  The first step in this process is the entry of a preliminary order of forfeiture at or prior to the sentencing, pursuant to Fed. R. Crim. P. 32.2(b).  Fed. R. Crim. P. 32.2(b)(4)(A) provides that, in general, at the time of sentencing, the preliminary order of forfeiture becomes final as to the defendant, but not as to third parties.  The government seeks only a monetary judgment as to defendant LumHo.  Accordingly, "no ancillary proceeding is required."  Fed. R. Crim. P. 32.2(c)(1).

The United States must prove a nexus between the property to be forfeited and the offenses of conviction by a preponderance of the evidence.  *United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011).  *See also United States v. Herder*, 594 F.3d 352 (4th Cir. 2010).  The Court may make this determination "based on evidence already in the record . . . or information presented by the parties … after the verdict or finding of guilty."  Fed. R. Crim. P. 32.2(b)(1)(B).  *See also United States v. Farkas*, 474 Fed. Appx. 349, 360 (4th Cir. 2012) (noting that the Court may base its forfeiture determination on evidence already in the record and on any additional evidence or information submitted); *United States v. Sabhnani*, 599 F.3d 215, 262-63 (2d Cir. 2010); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007).

The government has made that showing in this case through the evidence already adduced at trial, including but not limited to GX 1402, the specific bank and financial records underlying GX 1402, the testimony of FBI Forensic Accountant Rachael Bingham, and the full weight of the evidence showing that the items of value identified in GX 1402 were bribes paid to LumHo in exchange for his participation in the conspiracy and fraudulent scheme.

---

[1] Although 21 U.S.C. § 853 is a drug forfeiture statute, its procedures have been made applicable to this case through 28 U.S.C. § 2461(c).

3

A bribe recipient must forfeit the gross sum of the bribe he accepted. *United States v. Lustyik*, No. 2:12-cr-645, 2015 WL 1467260, \*4 (D. Utah Mar. 30, 2015) (because bribery is inherently illegal, any money paid to the bribee is forfeitable without any deduction for the costs the bribee incurred in carrying out the object of the bribe). The amount of money sought by the government here, $41,159.33, represents the gross sum of the bribes LumHo accepted from Wilson.

The evidence adduced at trial and the evidence set forth in the Presentence Investigation Report for LumHo, Dkt. No. 344 ¶ 156, also supply ample grounds for this Court to find that the requirements of 21 U.S.C. § 853(p) have been satisfied. That code section provides that the Court shall order the forfeiture of substitute assets where, among other disjunctive requirements, the directly forfeitable property cannot be located upon the exercise of due diligence or has been transferred to a third party. *United States v. Manlapaz*, 825 Fed. Appx. 109, 116-17 (4th Cir. 2020) ("Section 853(p) is not discretionary" and "there are no limits on what property may be substituted for the proceeds"); *United States v. Alamoudi*, 452 F.3d 310, 314-15 (4th Cir. 2006) (courts interpret 21 U.S.C. § 853(p) liberally to prevent defendants from frustrating the forfeiture laws).

WHEREFORE, the government respectfully requests that the Court enter the attached proposed preliminary order of forfeiture as to defendant LumHo.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:      /s/ Matthew Burke
Matthew Burke
Russell L. Carlberg
Assistant United States Attorneys
Eastern District of Virginia
Counsel for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel.: (703) 299-3700
Fax:  (703) 299-3981

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of January, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

A copy also will be sent via email to:

> Kelly M. Smihal
> Senior United States Probation Officer
> Kelly_Smihal@vaep.uscourts.gov

> _____/s/ Matthew Burke_____
> Matthew Burke
> Assistant United States Attorney

6